**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| IN RE: ) | | |
| ) | CASE NO. | 20-50305 (JAM) |
| BRIAN J. HEIDEL, ) | | |
| ) | CHAPTER | 13 |
| DEBTOR. ) | | |
| ) | RE: ECF NO. | 40 |

### Appearances

Jessica L. Braus, Esq.  *Attorney for Deutsche Bank*
Glass & Braus
50 Weston St.
Hartford, CT 06120

Mr. Brian J. Heidel  *Pro se Debtor*

Roberta Napolitano, Esq.  *Chapter 13 Trustee*
10 Columbus Boulevard
6th Floor
Hartford, CT 06106

**MEMORANDUM OF DECISION AND ORDER**
**GRANTING IN PART SECOND MOTION TO DISMISS WITH PREJUDICE**

Julie A. Manning, Chief United States Bankruptcy Judge

### I.    INTRODUCTION

Brian J. Heidel (the "Debtor") filed the above-referenced Chapter 13 case on March 13, 2020.  On March 27, 2020, the Debtor filed a Motion for Extension of Time to File Schedules and Documents to May 11, 2020.  The Motion for Extension of Time was granted in part, extending the deadline to file the required documents to May 4, 2020.  On April 29, 2020, the Debtor filed a second Motion for Extension of Time to File Schedules and Documents, which was granted, further extending the deadline to file the required documents to June 22, 2020.

On June 3, 2020, Deutsche Bank National Trust Company, as trustee, on behalf of the holders of the WaMu Mortgage Pass Through Certificates, Series 2005-AR6 ("Deutsche Bank") filed a Motion to Dismiss the Debtor's case asserting, among other things, that the Debtor failed to file documents required to be filed pursuant to 11 U.S.C. § 521(i) (the "Motion to Dismiss," ECF No. 20). The Motion to Dismiss also sought dismissal of the Debtor's case with prejudice due to: (i) multiple bankruptcy filings by the Debtor before scheduled law days in a Connecticut Superior Court foreclosure action; (ii) the Debtor's failure to make any payments during the Chapter 13 case; and (iii) the Debtor's failure to file any Schedules or a Chapter 13 Plan. On June 8, 2020, Deutsche Bank filed an amended Motion to Dismiss to provide supplemental facts and exhibits as evidence in support of the Motion to Dismiss (the "Amended Motion to Dismiss," ECF No. 24).

Although the Debtor was granted two extensions of time to do so, the Debtor failed to file his Statements and Schedules and a Chapter 13 Plan by June 22, 2020. Instead, on July 22, 2020, the Debtor filed an Objection to the Amended Motion to Dismiss (the "Objection"). The Objection alleges that Deutsche Bank failed to cite any legal authority in support of the Motion to Dismiss and asserts that the Debtor had diligently exercised his rights to the best of his ability.[1] On July 23, 2020, Deutsche Bank responded by filing a Reply to the Objection (the "Reply to the Objection"), citing unreasonable delay prejudicial to creditors, failure to file a plan, and failure to commence making timely payments as the reasons why the case should be dismissed pursuant to 11 U.S.C. § 1307(c)(1), (3), and (4). On July 29, 2020, the Debtor filed a response to the Reply to the Objection (the "Response to the Reply"), asserting that

---

[1] The Amended Motion to Dismiss did not cite to case law in support of the relief requested and cited only to 11 U.S.C. § 1307(c) to support its request that the Debtor's case be dismissed with prejudice.

2

inconvenience to the creditor is not a valid reason for dismissal, explaining why the Connecticut Superior Court foreclosure action has been pending for a decade, and asserting that he had filed documents with the Chapter 13 Trustee.[2]

On July 30, 2020, a hearing was held on the Amended Motion to Dismiss, the Objection, the Reply to the Objection, and the Response to the Reply. The Debtor, the Chapter 13 Trustee, and counsel for Deutsche Bank appeared at the hearing. During the hearing, the Chapter 13 Trustee stated that she supported the relief sought in the Amended Motion to Dismiss. At the conclusion of the hearing, the Amended Motion to Dismiss was taken under advisement. On August 13, 2020, while the Amended Motion to Dismiss was under advisement, the Debtor filed his Statements and Schedules. To date, the Debtor has not filed a Chapter 13 Plan.

On September 4, 2020, the Court denied the Amended Motion to Dismiss without prejudice due to the failure of Deutsche Bank to cite any statutory authority or case law to support the request to dismiss the Debtor's case with prejudice (ECF No. 38). The same day the Amended Motion to Dismiss was denied, Deutsche Bank filed a second Motion to Dismiss (the "Second Motion to Dismiss," ECF No. 40), again seeking dismissal with prejudice. This time, however, Deutsche Bank cited three cases in support of its argument that the Court may dismiss a case with prejudice and a bar to refiling: *In re Ronald E. Massie*, Case No. 19-51593 (Bankr. D. Conn. May 14, 2020); *In re G.L.A.D Enterprises, LLC, v. Deutsche Bank National Trust*, Case No. 19-50604 (Bankr. D. Conn. Oct. 28, 2019); and *In re Marjorie Partch*, Case No. 19-51084 (Bankr. D. Conn. Jan. 7, 2020),

---

[2] The Response to the Reply cites case law cited by this Court in support of orders granting a motion for *in rem* relief from the automatic stay as opposed to orders granting a motion to dismiss a debtor's case with prejudice.

3

On October 8, 2020, the Debtor filed an Objection to the Second Motion to Dismiss (the "Second Objection," ECF No. 44).  In the Section Objection, the Debtor argues that his case should not be dismissed with prejudice because he is a *pro se* debtor attempting to diligently exercise his rights to the best of his ability, he does not know the exact amount of payments due under the Note, and that any delay in the state court foreclosure action is attributable to Deutsche Bank's predecessor-in-interest.  On October 15, 2020, the Court held a hearing on the Second Motion to Dismiss.  The Debtor, the Chapter 13 Trustee, and counsel for Deutsche Bank again appeared at the hearing.  During the hearing, the Chapter 13 Trustee stated that she supported the relief sought in the Second Motion to Dismiss.  At the conclusion of the hearing, the Second Motion to Dismiss was taken under advisement.

The Court has carefully considered the Second Motion to Dismiss, the record in this case, and the arguments presented by the parties during the October 15th hearing.  Under the specific facts and circumstances of this case, and for the reasons that follow, the Second Motion to Dismiss is granted in part.

## II. DISCUSSION

### A. Dismissal Pursuant to 11 U.S.C. § 1307(c).

Section 1307 of the Bankruptcy Code, which governs dismissal of Chapter 13 cases, provides, in part, as follows:

> (c) Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause…

11 U.S.C. § 1307(c).  "Section 1307(c) provides a non-exhaustive list of events that would be considered 'for cause.'" *In re Ciarcia*, 578 B.R. 495, 499 (Bankr. D. Conn. 2017).  Cause under

4

section 1307(c) includes, but is not limited to, "unreasonable delay by the debtor that is prejudicial to creditors," "failure to file a plan timely under section 1321 of this title," and "failure to commence making timely payments under section 1326 of this title." 11 U.S.C. § 1307(c)(1), (3), and (4); *see also In re Burgos*, 476 B.R. 107, 111 (Bankr. S.D.N.Y. 2012) (dismissing debtor's Chapter 13 cause for unreasonable delay, failure to file a Chapter 13 plan, and failure to make plan payments). The facts and circumstances present here establish that cause exists to dismiss the Debtor's Chapter 13 case under section 1307(c).

In Chapter 13 cases, a debtor is required to file Statements, Schedules, and a Chapter 13 plan with the petition or within 14 days after the filing of the petition. *See* 11 U.S.C. §§ 521(a)(1) and 1321; Fed. R. Bankr. P. 1007(c); and Fed. R. Bankr. P. 3015(b). The time for filing a Chapter 13 plan may not be extended except for cause shown. *See* Fed. R. Bankr. P. 3015(b).

The Debtor filed his Chapter 13 petition on March 13, 2020. Although he was granted two 45-day extensions of time to June 22, 2020 to file the Statements, Schedules, and a Chapter 13 Plan, the Debtor failed to timely file the required documents and untimely filed his Statements and Schedules on August 13, 2020. Despite having filed his Statements and Schedules on August 13th, the Debtor still has failed to file his Chapter 13 Plan. These undisputed facts establish that cause exists to dismiss the Debtor's case pursuant to 11 U.S.C. §1307(c). *See In re Burgos*, 476 B.R. at 111.

### B. <u>Dismissal with Prejudice Under 11 U.S.C. § 349(a)</u>

While section 1307 provides for, among other things, the dismissal of Chapter 13 cases, there is no provision in section 1307 that provides for dismissal of a Chapter 13 case with prejudice. Rather, "[t]he legal effects of the dismissal of a chapter 13 case are governed by

5

section 349." 8 *Collier on Bankruptcy* ¶ 1307.09 (16th ed. 2020). "Section 349(a) of the Bankruptcy Code establishes a general rule that dismissal of a bankruptcy case is without prejudice, but at the same time expressly grants a bankruptcy court the authority to dismiss a case with prejudice to a subsequent filing of any bankruptcy petition." *In re Casse*, 219 B.R. 657, 662 (Bankr. E.D.N.Y. 1998), *subsequently aff'd*, 198 F.3d 327 (2d Cir. 1999). Section 349(a) provides that "[u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title." 11 U.S.C. § 349(a). Therefore, "if 'cause' warrants, a court is authorized, pursuant to § 349(a), to dismiss a bankruptcy case with prejudice to refiling." *Casse*, 219 B.R. at 662.

The filing of multiple bankruptcy cases without a genuine bankruptcy purpose solely to frustrate foreclosure proceedings may establish cause warranting dismissal with prejudice. *See In re Bolling*, 609 B.R. 454 (Bankr. D. Conn. 2019). In *Bolling*, the debtor filed twelve bankruptcy cases, some on the eve of a law day set in a Connecticut Superior Court foreclosure action. In *Bolling,* this Court concluded that cause existed to dismiss the case with prejudice because the debtor filed successive bankruptcy petitions to stay the running of the law day, the debtor failed to perform the duties of a debtor, and the debtor failed to demonstrate that his bankruptcy cases served a legitimate bankruptcy purpose. *Id.* at 458. Under the specific facts and circumstances presented in *Bolling*, this Court dismissed the debtor's case with prejudice which included a two-year bar to refiling. *Id.*

Unlike *Bolling*, this Chapter 13 case is the Debtor's second bankruptcy case, not the twelfth bankruptcy case. The Debtor filed the instant case on March 13, 2020, one week after Deutsche Bank had filed a Motion to Reset Law Days and three days before the Motion to Reset Law Days was scheduled for hearing by the Connecticut Superior Court—not on the eve of a scheduled law day. The Debtor's first bankruptcy case was filed on June 21, 2019, more than one month before the July 30, 2019 law day set in the Judgment of Strict Foreclosure in the Connecticut Superior Court. While it is true that the filing of the Debtor's two Chapter 13 cases has stayed Deutsche Bank's Connecticut Superior Court foreclosure action, the facts and circumstances of the Debtor's cases are not as egregious as the facts and circumstances in *Bolling*. Furthermore, the facts and circumstances of the cases cited by Deutsche Bank in support of its request for dismissal with prejudice, *In re Ronald E. Massie*, Case No. 19-51593 (Bankr. D. Conn. May 14, 2020); *In re G.L.A.D Enterprises, LLC, v. Deutsche Bank National Trust*, Case No. 19-50604 (Bankr. D. Conn. Oct. 28, 2019); and *In re Marjorie Partch*, Case No. 19-51084 (Bankr. D. Conn. Jan. 7, 2020), are also distinguishable from the facts and circumstances of the Debtor's cases.

However, in both of the Debtor's cases, the Debtor did not perform the duties of a debtor under 11 U.S.C. § 521(a)(1) and (3), which include, among other things, the timely filing of Statements, Schedules, and a Chapter 13 Plan. In this Chapter 13 case and his prior Chapter 13 case, the Debtor sought and obtained extensions of time to file the required Statements, Schedules, and a Chapter 13 Plan. Although the Debtor appeared at the Meeting of Creditors in this case as required by 11 U.S.C. § 343, the Trustee was not able to examine the Debtor about his case because the Debtor had not filed his Statements, Schedules, and a Chapter 13 Plan when the scheduled Meeting of Creditors was conducted. The failure of the Debtor to file a Chapter 13

Plan in either of his cases has made the administration of his bankruptcy cases impossible. Since the filing of the Debtor's two bankruptcy cases delayed and frustrated the Connecticut Superior Court foreclosure action and the debtor failed to perform the required duties of a debtor, cause exists to dismiss the Debtor's case with prejudice.

While Deutsche Bank has shown cause for dismissal with prejudice, the Court finds that under the specific facts and circumstances of the Debtor's cases, dismissal with prejudice with a six-month bar to refiling is more appropriate than the two-year bar Deutsche Bank seeks. A six-month bar to refiling will protect against a subsequent effort by the Debtor to further frustrate the Connecticut Superior Court foreclosure action.

### III.  CONCLUSION

Accordingly, for the reasons set forth above, and under the specific facts and circumstances of this case; it is hereby

**ORDERED**: Pursuant to 11 U.S.C. §§ 1307(c) and 349(a), the Second Motion to Dismiss is GRANTED IN PART. The Debtor's Chapter 13 case is dismissed under 11 U.S.C. § 1307(c), and in accordance with 11 U.S.C. § 349(a), the dismissal of the Debtor's case is with prejudice and the Debtor is barred from filing for relief under any chapter of the Bankruptcy Code, in any bankruptcy court, for a period of six months from the date of entry of this Order; and it is further

**ORDERED:** At or before 5:00 p.m. on November 18, 2020, the Clerk's Office shall serve this Order upon the Debtor at the address listed on the Debtor's petition.

Dated at Bridgeport, Connecticut this 18th day of November, 2020.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut